NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GMAC MORTGAGE, LLC, | Civil Action No.: 11-3329 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| KAREN BAREL and ARIEL BAREL, | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of two motions: 1) Plaintiff GMAC Mortgage LLC ("Plaintiff")'s Motion to Remand this action to the Superior Court of New Jersey, Chancery Division, Passaic County [Docket Entry No. 20]; and 2) Defendants Karen Barel and Ariel Barel ("Defendants")'s November 10, 2011 filing denying this Court's jurisdictional authority to dismiss Civil Action No. 11-5502 as duplicative in its October 20, 2011 Order. [Docket Nos. 26, 22]. The Court has considered the Plaintiff's submissions and Defendants' opposition thereto, and rules on the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, the Court **grants** Plaintiff's Motion to Remand.

## I. BACKGROUND

Plaintiff filed its foreclosure action against Defendants Karen and Ariel Barel ("Defendants") on September 23, 2008, following their June 1, 2008 default on the promissory note and mortgage executed on March 8, 2006. (Pl. Mot. Remand, Att'y Cert., ¶¶ 1-3). Defendants were personally served with the summons and complaint by a private process server

on September 29, 2008, and filed their answer to Plaintiff's foreclosure complaint on October 29, 2008. (Id., ¶¶ 4-5; Exs. D & E). On December 2, 2008, the Parties reached a settlement agreement in a case management conference, the Honorable Judge McVeigh presiding, and Plaintiff's foreclosure complaint was dismissed without prejudice subject to the agreement. (Id., ¶¶ 6-7; Ex. G). However, on January 15, 2009, Defendant Ariel Barel notified Plaintiff that he could no longer afford the payment plan as set out in the agreement. (Id., ¶ 8). Plaintiff then filed a motion to reinstate the case with the Superior Court, and said motion was granted on September 16, 2010. (Id., ¶ 9; Ex. H). On March 15, 2011, Defendants served discovery on Plaintiff, and Plaintiff sent its responses to Defendant's discovery on May 11, 2011. (Id., ¶ 13). Defendants failed to appear at a pre-trial conference scheduled for May 17, 2011, and on June 9, 2011, four days before trial was scheduled at the Superior Court. (Id., ¶¶ 14-16).

On June 10, 2011, this Court denied Defendants' Notice of Removal *sua sponte* as untimely, an Order on which this Court was reversed by the Third Circuit Court of Appeals. [Docket Entry Nos. 3, 14]. This Court accordingly issued an Order to reopen the case and notified the Parties of the appropriate motion schedule for filing opposition to Plaintiff's Notice of Removal under the original docket number 11-cv-03329-JLL [Docket Entry No. 16]. Due to an administrative error, when Defendants refiled an identical Notice of Removal for this Court's renewed consideration of the matter following appeal, that Notice was mistakenly filed under a new docket number, 11-cv-05502-JLL. This separate and distinct docket number from that captioned above, 11-cv-03329-JLL, under which the Parties' original filings were made, was duplicative of that original case number to which the Third Circuit remanded the matter. Therefore, on October 20, 2011, this Court issued an Order dismissing docket number 11-cv-

05502-JLL as duplicative, preserving the original docket number of 11-cv-03329-JLL as the appropriate case number under which all appropriate filings, including Plaintiff's motion to remand and any opposition thereto by Defendants, was to be filed. The dismissal of the 11-cv-05502-JLL case issued in this Court's October 20, 2011 Order thus did not affect Defendants' original cause of action which was reopened following the Third Circuit's reversal. Therefore, the Court need not consider Defendants' objections to the dismissal as filed in Defendants' November 11, 2011 request since those objections were based on Defendants' misunderstanding that this Court was dismissing the case filed under 11-cv-03329-JLL rather than dismissing the additional case opened in error under 11-cv-05502-JLL.[1] On September 19, 2011, Plaintiff duly filed its Motion to Remand under the original docket number 11-3329, requesting the Court to remand the action to the state court. [Docket Entry No. 20]. Defendants' Opposition to Plaintiff's Motion was duly filed on October 7, 2011. [Docket No. 21].

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Moreover, "[i]f the case stated by the initial pleading is not removable, a

---

[1] Defendants may also refer to the docket number captioned in this Court's October 20, 2011 Order which clearly states "Civil Action No. 11-5502 (JLL)" as the docket number under which the dismissal order was filed, and it is only that 11-5502 action that was dismissed. In addition to being duplicative, the creation of the new docket number required Defendants to pay a filing fee of $350 which was unnecessary given that Defendants had already paid the requisite filing fee to open the original case number of 11-3329. Accordingly, this Court's October 20, 2011 Order dismissing the 11-5502 action also ordered the Clerk of the Court to return the filing fee paid by Defendants to open the duplicative action.

3

notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." A district court may remand a case to a state court where a motion identifies a defect in the removal procedure or where the district court lacks subject matter jurisdiction over the matter. 28 U.S.C. § 1447(c).

### III. DISCUSSION

Defendants filed their Notice of Removal on June 9, 2011, well beyond the thirty-day deadline from the date on which they were served with a summons and complaint in the state court action (September 29, 2008). Their notice of removal is thus untimely. To the extent that the filing deadline of their Notice of Removal is construed as commencing on September 16, 2010, the day the case was ordered reopened, or as commencing on December 6, 2010, when Defendants filed a Third Party Counterclaim, Defendants' June 9, 2011 filing would still be untimely as exceeding the thirty-day requirement.

In opposition to Plaintiff's Motion to Remand, Defendants do not address the timeliness of their Notice of Removal filing but rather make two arguments: 1) that this Court does not have jurisdiction to hear motions for remand following the Third Circuit Court of Appeal's reversal of this Court's *sua sponte* ruling; and 2) that Plaintiff's Motion to Remand is thus frivolous. The appeal of this Court's ruling, while reviewed by the Third Circuit Court of Appeal, was terminated on August 24, 2011, subsequent to the issuance of its Certified Order on August 23,

2011 [Docket Entry No. 14]. This Court duly reopened the matter, and in accordance with 28 U.S.C. § 1447(c), set a deadline for Plaintiff to file a motion to remand within thirty days after the renewed consideration of Defendants' Notice of Removal. Plaintiff's motion was timely filed, as was Defendants' opposition thereto, and the Court has fully reviewed the Parties' submissions in its determination to remand the matter to the Superior Court of New Jersey.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand the matter is GRANTED, and the action is remanded to the Superior Court of New Jersey, Chancery Division, Passaic County. An appropriate Order accompanies this Opinion.

DATED: November 16, 2011

Jose L. Linares
United States District Judge