NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GMAC MORTGAGE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KAREN BAREL and ARIEL BAREL, <br><br> Defendants. | Civil Action No.: 11-3329 (JLL) <br><br> OPINION |

    This matter comes before the Court by way of Defendants' Motion for Reconsideration of this Court's November 17, 2011 Opinion and Order granting Plaintiff's Motion to Remand this matter to state court and denying Defendants' Notice of Removal [Docket Entry Nos. 28, 29]. The Court has considered Defendants' submissions made in support of the instant motion. No opposition was filed, and no oral argument was heard pursuant to Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is denied.

## I. BACKGROUND

    A detailed factual background of this case was set forth by the Court in its November 17, 2011 Opinion, and since the Court is writing only for the Parties, that background will not be repeated here except where necessary to provide context for the pending motion for reconsideration. This matter was initiated when Plaintiff filed a foreclosure action against Defendants Karen and Ariel Barel ("Defendants") on September 23, 2008, following Defendants June 1, 2008 default on the promissory note and mortgage executed on March 8, 2006. (Pl. Mot. Remand, Att'y Cert., ¶¶ 1-3). On December 2, 2008, the Parties reached a settlement agreement

in a case management conference, and Plaintiff's foreclosure complaint was dismissed without prejudice subject to the agreement. (Id., ¶¶ 6-7; Ex. G). On January 15, 2009, Defendant Ariel Barel notified Plaintiff that he could no longer afford the payment plan as set out in the agreement. (Id., ¶ 8). Plaintiff then filed a motion to reinstate the case with the Superior Court, and said motion was granted on September 16, 2010. (Id., ¶ 9; Ex. H). On March 15, 2011, Defendants served discovery on Plaintiff, and Plaintiff sent its responses to Defendant's discovery on May 11, 2011. (Id., ¶ 13). Defendants failed to appear at a pre-trial conference scheduled for May 17, 2011, and on June 9, 2011, four days before trial was scheduled at the Superior Court, Defendants filed a Notice of Removal to remove the pending state court action to this Court. (Id., ¶¶ 14-16).

On June 10, 2011, this Court denied Defendants' Notice of Removal *sua sponte* as untimely, an Order on which this Court was reversed by the Third Circuit Court of Appeals. [Docket Entry Nos. 3, 14]. This Court accordingly issued an Order to reopen the case on August 19, 2011, and notified the Parties of the appropriate motion schedule for filing opposition to Plaintiff's Notice of Removal [Docket Entry No. 16]. The Court modified that schedule in a September 6, 2011 Order due to the fact that the Parties had not been appropriately notified of this Court's original August 19, 2011 Order reopening the case. [Docket Entry No. 16]. On September 19, 2011, Plaintiff filed a Motion to Remand this matter to the state court. [Docket Entry No. 20]. On November 17, 2011, this Court granted Plaintiff's Motion to Remand on the grounds that Defendants' Notice of Removal was untimely. Defendants filed the instant Motion for Reconsideration on November 22, 2011, requesting reconsideration of this Court's remand order on three grounds: 1) this Court exceeded its authority following the Third Circuit Court of

2

Appeals' reversal order and remand to this Court when it issued a scheduling order detailing the appropriate schedule for filing motions following the reopening of the matter; 2) Plaintiff's September 19, 2011 Motion to Remand was not timely filed, and this Court exceeded its authority under 28 U.S.C. § 1447(c) by extending the time for an opposing party to file a motion to remand; and 3) Phelan Hallinan & Schmieg, PC are prohibited from filing a motion to remand the matter.

## II. LEGAL STANDARD

Local Rule 7.1(i) provides, in relevant part:

> A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L.Civ.R. 7.1(i). "Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(I) cmt.6(d); see also Felons v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A judgment may be altered or amended if the movant shows at least one of the three following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). Moreover, a motion for

reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).[1]

## III. DISCUSSION

Plaintiff does not present intervening controlling law nor additional dispositive factual evidence not reviewed in the Court's November 17, 2011 Opinion and Order, so this Court will construe Plaintiff's motion for reconsideration to rest on the ground that the Court needs to correct a clear error of law or fact or to prevent manifest injustice. Since this Court made no clear error of law in: 1) reopening the matter upon remand from the Third Circuit; 2) issuing a motion schedule for appropriate filings by the Parties in the matter; and 3) hearing a motion to remand duly filed by Plaintiff's attorney of record, Defendants' Motion for Reconsideration is denied.

Arguments raised in Defendants' Motion for Reconsideration regarding this Court's authority to reopen the matter following the Third Circuit's reversal and remand were raised in almost identical fashion in Defendants' Opposition to Plaintiff's Motion to Remand. (See Defs. Opp'n Br., at ¶ 3). Defendants are thus utilizing their Motion for Reconsideration to re-litigate

---

[1] Plaintiff's motion could be denied on this basis alone. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (clarifying that a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)(quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989), appeal dismissed, 919 F.2d 225 (3rd Cir. 1990)).

old matters which have already been raised and considered by this Court. In this Court's November 17, 2011 Opinion, upon having considered Defendants' arguments, this Court stated:

> In opposition to Plaintiff's Motion to Remand, Defendants do not address the timeliness of their Notice of Removal filing but rather make two arguments: 1) that this Court does not have jurisdiction to hear motions for remand following the Third Circuit Court of Appeal's reversal of this Court's *sua sponte* ruling; and 2) that Plaintiff's Motion to Remand is thus frivolous. The appeal of this Court's ruling, while reviewed by the Third Circuit Court of Appeal, was terminated on August 24, 2011, subsequent to the issuance of its Certified Order on August 23, 2011 [Docket Entry No. 14]. This Court duly reopened the matter, and in accordance with 28 U.S.C. § 1447(c), set a deadline for Plaintiff to file a motion to remand within thirty days after the renewed consideration of Defendants' Notice of Removal. Plaintiff's motion was timely filed, as was Defendants' opposition thereto, and the Court has fully reviewed the Parties' submissions in its determination to remand the matter to the Superior Court of New Jersey.

(Nov. 14, 2011 Op., at 4-5). Therefore, this Court already considered the arguments Defendants make in their Motion for Reconsideration. The Court asserts again that, upon the Third Circuit's reversal and issuance of its Certified Order explicitly allowing this Court to consider filings pending in the matter which pertained to this Court's proper jurisdiction should Defendants' Notice of Removal be found untimely, the Court "consider[ed] that filing" pursuant to said Order, issuing a proper scheduling order for briefing regarding the filing of any motion to remand should Plaintiff wish to so file in accordance with 28 U.S.C. § 1447(c). More specifically, the Third Circuit issued its Certified Order on July 21, 2011. [Docket Entry No. 14]. This Court issued an Order on August 19, 2011, upon receiving a hard copy of said Certified Order. [Docket Entry No. 16]. The Certified Order of the Third Circuit only posted on this Court's docket, however, on August 23, 2011, so when the Court reopened the matter on August 19, 2011, the Parties had neither been placed on notice of the Third Circuit certified Order nor of this Court's August 19, 2011 Order. Accordingly, this Court issued a subsequent September 6, 2011 Order, following the issuance of the Third Circuit's Certified Order on *this* Court's docket, requiring

5

any motion to remand filing be made on the docket by September 19, 2011. [Docket Entry No. 16]. As the matter had already been reopened on August 19, 2011, the Court required the Plaintiff to file any opposition to the Notice of Removal on September 19, 2011, within the thirty-day filing requirement for motions to remand under 28 U.S.C. § 1447(c). It was only upon remand and the reopening of the matter that the Court asserted its jurisdiction anew over the matter, including Defendants' Notice of Removal, so any motion to remand would have to be filed within thirty days of the Court having renewed jurisdiction over the Notice of Removal and the Parties having been duly notified of the Court's renewed jurisdiction. Defendants may not lock in this Court's jurisdiction over a state court action they attempted to remove to this Court by: 1) filing an appeal to this Court's remand order; 2) letting the thirty-day clock under 28 U.S.C. § 1447(c) run during said appeal on Plaintiff's deadline to file a motion to remand as calculated from Defendants' initial Notice of Removal filing, and upon this Court's renewed jurisdiction over the matter following a Third Circuit reversal and remand; 3) demanding the Court not consider a motion to remand filed within thirty days of the Court's notice to the Parties of its renewed jurisdiction over the matter when it reopened the case. Upon being given jurisdiction over the matter through a Third Circuit remand, the thirty-day clock ran anew for motions to remand from the date the matter was reopened and the Parties were given notice of the reopening. The September 19, 2011 deadline set by this Court for Plaintiff to file a motion to remand was thus set in accordance with 28 U.S.C. § 1447(c).

Defendants' argument that Phelan Hallinan & Schmeig, PC ("PH&S"), Plaintiff's attorney of record on this matter, are prohibited from filing a motion to remand has no merit. Defendants characterize PH&S as "Third Party Defendants," even though PH&S are not named

parties in the matter before this Court but are merely counsel to a party, Plaintiff GMAC Mortgage, LLC, who initiated a foreclosure action against Defendants in the original state court action which Defendants have attempted to remove. As counsel representing the named Plaintiff in this matter properly admitted before the Court, PH&S has the authority under Fed. R. Civ. P. 11 to file a motion to remand on behalf of their client as long as said filing is properly signed, states the signer's address, e-mail address, and telephone number, and need not be verified or accompanied by an affidavit unless a rule or statute specifically states otherwise. Since Plaintiff's motion was duly filed in accordance with Fed. R. Civ. P. 11, it was properly considered by this Court.

## IV. CONCLUSION

For the reasons set forth above, and since the Court did not commit a clear error of law or fact in considering Plaintiff's motion to remand the matter, Defendants' Motion for Reconsideration is DENIED. An appropriate Order accompanies this Opinion

DATED: December 23, 2011

Jose L. Linares
United States District Judge